J-S31026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JIBRELL LEWIS | : | |
| | : | |
| Appellant | : | No. 2349 EDA 2020 |

Appeal from the PCRA Order Entered November 19, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005100-2013


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JIBRELL LEWIS | : | |
| | : | |
| Appellant | : | No. 2350 EDA 2020 |

Appeal from the PCRA Order Entered November 19, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005101-2013


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JIBRELL LEWIS | : | |
| | : | |
| Appellant | : | No. 2351 EDA 2020 |

Appeal from the PCRA Order Entered November 19, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005102-2013

J-S31026-21

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                         **FILED FEBRUARY 4, 2022**

Appellant, Jibrell Lewis, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm and grant counsel's petition to withdraw.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> On October 7, 2012, at or around 9:00 p.m., police officers responded to 711 N. 3rd Street and inside found two gunshot victims.  Stephanie Freeman was pronounced dead at the scene from a gunshot wound to her head.  Dr. Edwin Lieberman, the Commonwealth's expert in forensic pathology, concluded to a reasonable degree of medical certainty that the cause of her death was one gunshot wound to her head, and that the manner of death was homicide.
>
> Her daughter, Chrissy Johnson, was found suffering from a gunshot wound to the left side of the face, and was transported to Hahnemann Hospital for treatment and surgery.  Ms. Johnson survived her gunshot wound, but suffered nerve damage to the left side of her face.
>
> Appellant had first called Ms. Johnson in response to an advertisement for an escort service that she placed on the internet.  They met at Ms. Johnson's home where her mother also resided.  Appellant was found guilty of shooting Ms. Johnson as she hid from Appellant behind the closed door of her bathroom.  Appellant shot through the closed door, wounding Ms. Johnson, and while fleeing the home, Appellant encountered Ms. Johnson's mother in the living room and fatally shot her.  He then fled the scene.

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Ms. Johnson gave two statements and provided a description of Appellant as the man who shot her and her mother, she gave police his phone number, and at trial Ms. Johnson identified Appellant as the man who shot her and her mother.

Appellant's cell phone records showed that he used his cell phone near Ms. Johnson's home on the 400 block of North 41st Street, and as a result the police conducted surveillance of that area. Appellant was identified and when arrested, recovered from Appellant was a black semiautomatic handgun, and a bag containing a mask with two eye holes cut out, a soft body armor vest and a laptop computer. In addition, the Commonwealth presented DNA evidence on Appellant's scarf and Septa video-tape evidence of Appellant traveling to and from the crime scene. Appellant was arrested and tried by a jury and found guilty of [first-degree murder, aggravated assault, and two counts of firearms not to be carried without a license] on July 8, 2015. Appellant was sentenced to life imprisonment without the possibility of parole [for] the 1st Degree Murder charge and [lesser terms of imprisonment for the remaining offenses].

After Post-sentence motions were filed and denied by operation of law, Appellant timely appealed his matter to [the] Superior Court of Pennsylvania on November 25, 2015. [Appellant] was represented by J. Michael Farrell, Esquire through trial and the filing of the Appellant's brief before [the] Superior Court. [The] Superior Court [later] entered an Order directing that J. Michael Farrell's appearance be withdrawn and that new counsel be appointed. James Anthony Lammendola was court-appointed to represent Appellant throughout the direct appeal. [The] Superior Court of Pennsylvania affirmed the [judgment of sentence] on December 18, 2017. Appellant filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on June 5, 2018. [*See Commonwealth v. Lewis*, 181 A.3d 1210 (Pa.Super. 2017) (unpublished memorandum), *appeal denied*, 646 Pa. 733, 187 A.3d 209 (2018)]. On March 13, 2019[,] Appellant filed a timely *pro se* [PCRA petition]. Dennis Turner, Esquire was appointed and filed a [motion to withdraw and

*Turner/Finely*[1]] no-merit letter on February 14, 2020. [On September 30, 2020, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant did not respond.] After independent review of the matter, the PCRA court dismissed Appellant's PCRA petition as meritless on [November 19, 2020 and let counsel withdraw. Additionally, the court appointed new appellate counsel[2]]. The matter encompassed three docket numbers and on December 7, 2020[,] Appellant timely filed [a notice of appeal at each underlying docket]. On January 1[5], 2021[, the] Superior Court consolidated the three appeals [*sua sponte*].

(PCRA Court Opinion, filed May 6, 2021, at 2-4).

Preliminarily, current appellate counsel has filed a motion to withdraw and *Turner/Finley* brief in this Court. Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to *Turner* and *Finley*. *Commonwealth v. Karanicolas*, 836 A.2d 940 (Pa.Super. 2003).

[C]ounsel must…submit a "no-merit" letter to the [PCRA]

_____

[1] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] "Generally, once the court permits PCRA counsel to withdraw after filing a *Turner/Finley* "no-merit" letter, an appellant is no longer entitled to the appointment of counsel on appeal." *Commonwealth v. Shaw*, 217 A.3d 265, 268 n.3 (Pa.Super. 2019). *See also Commonwealth v. Rykard*, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under *Turner/Finley*, court shall not appoint new counsel and appellant must look to his own resources for future proceedings). Nevertheless, the court is permitted to appoint counsel to represent a defendant whenever the interests of justice require it. *See* Pa.R.Crim.P. 904(E). Here, it is not entirely clear from the record why the court deemed it necessary to appoint new counsel for this appeal.

court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a *Turner/Finley* brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the *Turner/Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*.

Counsel raises the following issues on Appellant's behalf:

The trial court lacked subject matter jurisdiction to charge and try Appellant because the laws underlying the charges are null and void because they were improperly enacted into law.

Trial counsel provided ineffective assistance of counsel by waiving Appellant's formal arraignment because it rendered Appellant as having not been charged at all.

Appellant is entitled to PCRA relief because J. Michael Farrell, Esquire, Appellant's trial counsel, Seth Williams, Esquire, former District Attorney of Philadelphia County, and

> Kathleen Kane, Esquire, former Pennsylvania Attorney General, each were under investigation and then charged, and convicted of various crimes during the pendency of Appellant's case.
>
> The entire PCRA process, from the standard pre-printed PCRA form to the appointment of counsel who then files a no-merit letter is predicated on fraud.

(**Turner/Finley** Brief at 5-6).[3]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. H. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. J. Ford**, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012).

---

[3] Appellant has not filed a responsive brief *pro se* or with newly-retained private counsel.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Tracy Brandeis-Roman, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (**See** PCRA Court Opinion at 5-10).

Specifically, regarding Appellant's first issue, the PCRA court explained that trial courts in the Commonwealth of Pennsylvania have jurisdiction over crimes that occurred within the county of the trial court, and that Courts of Common Pleas are the trial courts of general jurisdiction in the state. Further, the crimes for which Appellant was convicted were valid laws in effect at the time Appellant's offenses occurred, over which the trial court had subject matter jurisdiction. Thus, Appellant's claim that the trial court lacked jurisdiction and that the laws under which he was convicted were invalid is meritless.[4] (**See** PCRA Court Opinion at 5-7).

With respect to Appellant's second issue, the PCRA court explained that

---

[4] To the extent that Appellant claims the criminal statutes under which he was convicted are invalid because they did not have "enacting clauses," this Court has previously rejected Appellant's argument. **See Commonwealth v. Stultz**, 114 A.3d 865 (Pa.Super. 2015), *appeal denied*, 633 Pa. 767, 125 A.3d 1201 (2015) (holding criminal statutes have enacting clauses, notwithstanding decision of private publishing companies to omit them from their editions of statute books). **See also Commonwealth v. Gray**, 2021 WL 1054381 at *3 (Pa.Super. March 19, 2021) (unpublished memorandum) (agreeing with Commonwealth's reliance on **Stultz** to debunk this "popular jailhouse lawyer theory"); Pa.R.A.P. 126(b) (explaining this Court may cite non-precedential cases from Superior Court decided after May 1, 2019 for persuasive value).

Appellant offered no explanation as to any possible connection between the waiver of his formal arraignment and Appellant's convictions for the crimes charged. Thus, Appellant failed to establish prejudice in connection with his ineffectiveness claim. (**See id.** at 7).

Concerning Appellant's third issue, the PCRA court decided that Appellant's "broad-brush request for PCRA relief" based on any federal investigation into Appellant's trial counsel, former Philadelphia District Attorney Williams, and former Attorney General Kane, was "overly broad, undeveloped and waived." (**Id.** at 9).

Likewise, the PCRA court deemed Appellant's fourth issue waived where Appellant failed to properly develop this claim. (**Id.** at 10). The record supports the PCRA court's denial of relief for the reasons stated.[5] Our independent review of the record confirms the appeal is frivolous. Thus, we affirm the denial of PCRA relief and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2022

---

[5] We direct the parties to attach a copy of the PCRA court's opinion to any future filings involving this appeal.

- 8 -